Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | Susan E. Cox |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4393 | **DATE** | 9/21/2010 |
| **CASE TITLE** | Deborah Malin vs. Hospira, Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to compel production of purportedly privileged information against defendants [55] is denied.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

# STATEMENT

    Plaintiff, Deobrah Malin, has brought a motion to compel production of purportedly privileged information against defendants Hospira, Inc. ("Hospira"), Deborah Rodriguez, Jay Anderson and Michael Carlin [dkt 55]. Plaintiff is specifically seeking information regarding defendant Hospira's internal investigation of plaintiff's EEOC charge. Plaintiff first argues that the information she seeks is merely that gathered as part of routine business - specifically, an investigation - which is not protected by the attorney-client or work product privileges. Plaintiff also claims that though any advice that Hospira's in-house counsel provided would normally remain privileged, Hospira waived the privilege by asserting that it made good faith efforts to comply with all applicable anti-discrimination and FMLA laws as an affirmative defense and by answering discovery. Plaintiff, therefore, seeks production of all documents relating to witness interviews gathered as part of the investigation and testimony from Hospira's in-house counsel, Abigail Roche (who investigated plaintiff's EEOC charge) as to who provided information on the EEOC charge. We requested that Hospira file the investigative information or report *in camera*, in addition to a response to plaintiff's motion. Hospira has done so. But because Ms. Roche did not, in fact, compile a report, the only documents at issue are her handwritten interview notes.

    We first address whether Ms. Roche's notes would fall under either the attorney-client or work product privilege. As to the attorney-client privilege, we must determine whether legal advice was sought from Ms. Roche in her capacity as Hospira's counsel. Communications made to provide legal counsel, even in the course of an attorney's factual investigation, are considered to be protected by the privilege.[1] Plaintiff claims that Ms. Roche's notes are simply those of routine business, and are not counsel's assessment or analysis of that information. Plaintiff also has provided a transcript of Ms. Roche's deposition testimony, where Ms. Roche stated that she did indeed respond to the EEOC charge of discrimination, which included her investigation, and that Hospira investigates "any complaint of discrimination..."[2] We may assume that plaintiff is attempting to show, with this deposition transcript, that Ms. Roche was, then, principally acting as an investigator as opposed to legal counsel.[3] But as noted by the Seventh Circuit, "[t]he relevant question is not whether [the attorney] was retained

## STATEMENT

to conduct an investigation, but rather, whether this investigation was related to the rendition of legal services."[4] We believe that it was. As difficult as her deposition transcript is to decipher, because of the overwhelming number of objections, Ms. Roche testified that her role was to provide legal advice.[5] We find, therefore, that the privilege applies.

As to work product privilege, plaintiff argues that because she is seeking the production of tangible things prepared by Ms. Roche - her interview notes - that were prepared not in anticipation of litigation, but in compliance with Hospira's policies, they are discoverable. The work product doctrine serves two purposes: "(1) to protect an attorney's thought processes and mental impressions against disclosure; and (2) to limit the circumstances in which attorneys may piggyback on the fact-finding investigation of their more diligent counterparts."[6] The Seventh Circuit has also held that when an attorney personally prepares notes while interviewing witnesses "'with an eye toward litigation[,] such memorandum qualifies as work product even though the lawyer functioned primarily as an investigator.'"[7] In other words, documents are protected when it is fair to say that they were prepared because of impending litigation.[8] We find this principle applies here: Ms. Roche's interview notes were a response to plaintiff's EEOC charge. Plaintiff argues that because the notes were made in conjunction with what plaintiff calls a 'routine investigation' then they do not fall under the work product privilege. But, again, we must consider the entirety of the events. Plaintiff had already filed her charge of discrimination.[9] The notes were, therefore, prepared with "an eye toward litigation" and fall within work-product protection.

We now move to plaintiff's claim of waiver. Plaintiff points to defendants' affirmative defense number seven where they allege that they "at all times attempted in good faith to comply with all applicable anti-discrimination and FMLA laws." Plaintiff asserts that this defense puts Ms. Roche's communications at issue, warranting discovery of her investigation. But Hospira distinguishes this defense from Ms. Roche's investigation, explaining that Ms. Roche was exclusively investigating plaintiff's EEOC charge. Hospira argues that the affirmative defense relates only to plaintiff's inability to recover punitive damages. So the question becomes whether Hospira has placed the investigation into issue. "Clearly, the manner in which the investigation and its results could become relevant in this case," if Hospira planned to claim at trial that because of its investigation and resulting action, it was complying with all applicable laws.[10] Then "the privilege which it enjoys would be waived. One cannot assert the attorney/client privilege to keep an opponent from discovering facts about an investigation when the investigation is to be used at trial as a defense to defeat the opponent's allegations."[11] But, so far, Hospira claims that it does not intend to use the investigation at trial. The affirmative defense in itself, then, does not warrant the application of waiver.[12] Plaintiff's motion is, therefore, denied [dkt 55].

---

1. *Sandra T.E. v. South Berwyn Sch. Dist. 100,* 600 F.3d 612, 619 (7th Cir. 2010).

2. Roche Dep. 14-15.

3. *See Harding v. Dana Transport, Inc.,* 914 F.Supp. 1084, 1091 (D.N.J. 1996)(noting that the plaintiffs maintained that the attorney was not acting as an attorney when he conducted interviews of employees in connection with an investigation into harassment allegations).

4. *Sandra T.E.,* 600 F.3d at 620 (quoting *Better Gov't Bureau, Inc. v. McGraw,* 106 F.3d 582, 603 (4th Cir. 1997).

5. Roche Dep. 6, 19.

6. *Sandra T.E.,* 600 F.3d at 622.

7. *Id.* (quoting *Harper & Row Publishers, Inc. v. Decker,* 423 F.2d 487, 492 (7 Cir. 1970).

8. *Sandra T.E.,* 600 F.3d at 622.

9. *See id.* (making the distinction between "likely litigation" and the actual filing of a lawsuit).

10. *See Fultz v. Federal Sign,* Case No. 94-1931, 1995 WL 76874, *4-5 (N.D. Ill. Feb. 17, 1995)**.**

11. *See Fultz,* Case No. 94-1931, 1995 WL 76874 at *4-5; *see also Harding,* 914 F.Supp. at 1096(finding waiver where defendant represented to the court that it intended to defend liability based in part upon an investigation into sexual harassment charges).

12. *See Harding,* 914 F.Supp. at 1099 (finding that litigants hoping to avoid waiver may either separate "the role of investigator from that of litigator, or by refraining from defending themselves on the basis of reasonable investigation.").